**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRITC OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DENNIS MORRIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>POPMATTERS MEDIA, INC<br>an Illinois corporation, individually<br>and d/b/a "www.popmatters.com";<br>and DOES 1-10,<br><br>Defendants. | **Case No.: 1:26-cv-10605**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Dennis Morris ("Morris"), hereby prays to this honorable Court for relief based on the following:

## STATEMENT OF JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5. Plaintiff Morris is an individual currently residing in London.

6. Upon information and belief, Morris alleges that PopMatters Media Inc. ("PopMatters"), individually and doing business as "www.popmatters.com" is an Illinois corporation doing business in and with this District including through its principal place of business at 3501 N. Southport #466, Chicago, IL 60657.

7. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Morris' copyright, have contributed to the infringement of Morris' copyright, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Morris, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Morris is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Morris' rights and the damages to Morris' proximately caused thereby.

**CLAIMS RELATING TO MORRIS'S PHOTOGRAPH**

9. Dennis Morris is a renowned photographer. Morris owns and created the original photograph depicting famed musician John Lydon, lead vocalist for music groups the *Sex Pistols* and *Public Image Ltd.* (the "Subject Photograph") that was included within Morris' *A Bitta Pill*

*Magazine*. The magazine and its photographs are registered with the United States Copyright Office with the registration number, VA0001787770, and date of registration as July 13, 2011.

10. Morris is the sole owner of the exclusive rights, including copyright, in the Subject Photograph which is depicted below:

| **SUBJECT PHOTOGRAPH** |
| --- |
|    |

11. Prior to the acts complained of herein, Morris widely publicly displayed and disseminated the Subject Photograph, including in print publications and exhibitions.

12. Morris is informed and believes and thereon alleges that following his publication and display of the Subject Photograph, PopMatters Media Inc, Doe Defendants, and each of them reproduced, publicly displayed, distributed, and otherwise exploited the Subject Photograph without Morris's authorization or consent for commercial purposes, including, but not limited to, use in articles on PopMatter's commercial website, "www.popmatters.com." True and correct screen captures of the Defendants' infringing uses of the Subject Photograph ("Infringing Uses") are depicted below:

| **INFRINGING USES** |
| --- |



13. Upon information and belief, Morris alleges that Defendants, and each of them, had access to the Subject Photograph, including through Morris' numerous online presence and features, exhibitions, online publications and press featuring Morris' work, Morris' social media accounts, the publication of Morris' photograph in numerous books and physical publications, and/or through viewing the Subject Photograph on third-party websites (e.g., Instagram, Pinterest, internet search engines, etc.).

14. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Infringing Content for financial benefit and without Plaintiff's consent, as seen in the screen captures and URL depicted above.

15. On or around January 15, 2024, Morris sent a letter to PopMatters, informing the company of its infringements and demanding that it cease and desist all use of the Subject Photograph. PopMatters has failed to meaningfully respond, necessitating this action.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

16. Morris repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

17. Upon information and belief, Morris alleges that Defendants, and each of them, accessed the Subject Photograph by without limitation, viewing the Subject Photograph on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

18. Upon information and belief, Morris alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online at and on their website bearing the URL listed above.

19. Upon information and belief, Morris alleges that Defendants, and each of them, infringed Morris' copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

20. Due to Defendants', and each of their, acts of infringement, Morris has suffered general and special damages in an amount to be established at trial.

21. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Morris' rights in the Subject Photograph. As such, Morris is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Morris' rights in the Subject Photograph in an amount to be established at trial.

22. Upon information and belief, Morris alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

23. Morris repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

24. Upon information and belief, Morris alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known,

were not authorized to be published by Defendant(s); publishing the Infringing Uses on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third-parties for further publication.

25. Morris alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posting and sharing of the Infringing Use, and were able to supervise the publication and distribution of the Infringing Use.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Morris has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Morris' rights in the Subject Photograph. As such, Morris is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Morris' rights in the Subject Photograph, in an amount to be established at trial.

28. Upon information and belief, Morris alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**<u>THIRD CLAIM FOR RELIEF</u>**

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each))

29. Morris repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

30. The Subject Photograph was routinely published with attribution information, including Morris' name and/or the title of the work, which identified Morris as the author and owner of the Subject Photograph, and which qualifies as copyright management information. The magazine cover of *A Bitta Pill* clearly demonstrates Morris' authorship of the enclosed photographs, as seen below, and should have served as sufficient notice of ownership to Defendants.

| **<u>Copyright Management Information on Magazine containing Subject Photograph</u>** |
| --- |
|  |

31. Upon information and belief, Morris alleges that Defendants, and each of them, removed Morris' copyright management information from certain of the Infringing Use, including those posted to "www.popmatters.com," and/or added false copyright management information to the Subject Photographs, attributing it to another artist and/or source, before distributing and publishing same.

32. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph via websites bearing the URL depicted in above, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata. The Photograph is improperly attributed to Public Image Ltd. itself.

33. The aforementioned acts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

34. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

35. As a result of the foregoing, Morris has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Morris' copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, web, or other publication owned, operated, or controlled by any Defendant.
2. That Morris be awarded all profits of Defendants, and each of them, plus all losses of Morris, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.
3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Seliger's intellectual property rights;
4. That Morris be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;
5. That Morris be awarded his costs and fees;
6. That Morris be awarded statutory and enhanced damages;
7. That Morris be awarded pre-judgment interest as allowed by law; and,
8. That Morris be awarded further legal and equitable relief as deemed proper.

**JURY DEMAND**

Morris demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: September 1, 2026

By: *<u>/s/ Trevor W. Barrett</u>*

Trevor W. Barrett, Esq.
**DONIGER / BURROUGHS**
603 Rose Avenue
Venice, CA 90291
(310) 590-1820
tbarrett@donigerlawfirm.com
*Attorneys for Plaintiff*